LTL ATTORNEYS LLP
James M. Lee (Bar No. 192301)
james.lee@ltlattorneys.com
Caleb H. Liang (Bar No. 261920)
caleb.liang@ltlattorneys.com
601 S. Figueroa Street, Suite 3900
Los Angeles, CA 90017
Telephone: 213-612-8900
Facsimile: 213-612-3773

Dennis Pantazis (*pro hac vice* pending)
D.G. Pantazis, Jr (*pro hac vice* pending)
Patrick Pantazis (*pro hac vice* pending)
Wiggins, Childs, Pantazis, Fisher & Goldfarb
The Kress Building
301 19th Street North
Birmingham, AL 35203
Phone: (205)314-0500
Fax: (205)254-1500

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS DONOVAN, individually, and on behalf of all other similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>KYDIA, INC., an Illinois Corporation; and DOES 1 to 10,<br><br>    Defendants. | CASE NO.: 2:16-cv-4994<br><br>**CLASS ACTION COMPLAINT**<br><br>**(1) VIOLATION OF FAIR AND ACCURATE CREDIT TRANSACTIONS ACT**<br><br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1.      Plaintiff brings this action to secure redress for the violation by Defendant of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA").

2.      One provision of FACTA, codified as 15 U.S.C. §1681c(g)(1), provides that:

> *... [N]o person* that accepts credit cards or debit cards for the transaction of business *shall print more than the last five digits of the card number or the expiration date* upon any receipt provided to the cardholder at the point of sale or transaction. (Emphasis added)

3.      Over a decade ago, FACTA provided merchants who accept credit cards and debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006.

4.      The purpose of this "truncation requirement" is to prevent identity theft and credit or debit card fraud.

5.      Identity thieves routinely obtain credit card or debit card receipts that are lost or discarded, or through theft, and use the information to engage in unauthorized credit or debit transactions.

6.      The availability and display of more than the last 5 digits of credit card or debit card increases the likelihood of misuse of a credit card or debit card.

7.      Sophisticated identity thieves can easily discover a credit card or debit card number when they possess or have access to more than the last five digits of the card number; by possessing 10 of the standard 16 digits of a conventional credit or debit card, for instance, thieves can learn the entire account number much more easily and quickly.

8.      Unsophisticated identity thieves can easily use credit or debit card

1

numbers when they possess or have access to persons' name, billing address, entire credit card number, expiration date, and card verification number.

9.    Defendant has willfully violated this law and failed to protect the Plaintiff, and others similarly situated, against identity theft and credit card and debit card fraud by continuously printing more than the last five digits of the card number and/or the expiration date on receipts provided to debit card and credit card cardholders transacting business with Defendants.

10.    Specifically, Defendant recklessly, willfully, knowingly, wantonly, and routinely violated FACTA by printing the Plaintiff's name, billing address, entire credit card number, expiration date, and card verification number on the receipt provided to him after placing an order for food through its mobile phone application.

11.    Plaintiff brings this action against Defendant based on Defendant's violation of 15 U.S.C. § 1681, *et seq.* Plaintiff seeks statutory damages, attorney's fees, and costs.

## **PARTIES**

12.    At all relevant times, Plaintiff CHRIS DONOVAN was a resident of Madison County, Alabama.

13.    At all relevant times, Defendant KYDIA, INC. ("KYDIA") doing business as BeyondMenu.com ("BeyondMenu") is an Illinois corporation located at 2528 Brian Drive, Northbrook, IL 60062, that upon information and belief owns, operates, manages and conducts business as BeyondMenu, through a website and mobile application, reaching nationwide, including at 200 Oakwood Avenue NE, Huntsville, AL 35811.

14.    At all relevant times, Defendant KYDIA was a entity that accepts credit cards or debit cards for the transaction of business within the meaning of

COMPLAINT

FACTA.

## **JURISDICTION AND VENUE**

15.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (general federal question), and 15 U.S.C. §1681p (FCRA).

16.    Venue is proper in this district pursuant to 28 U.S.C. Section 1391 because BeyondMenu does substantial business and has minimum contacts in California, is subject to personal jurisdiction in California, and has a Terms and Conditions Agreement that includes California choice of law and choice of venue provisions specifying this judicial district.[1]

## **FACTS**

17.    On June 10, 2016, Plaintiff used the Defendant's mobile phone application, "BeyondMenu," in Huntsville, Alabama.  Plaintiff selected multiple items from a food menu, and provided his credit card information to Defendant. When the Plaintiff's items were delivered to his address, he was provided a receipt

---

[1] BeyondMenu also has an arbitration agreement which directs consumers to file any prospective claims with the National Arbitration Forum ("NAF") arbitration group. However, as of 2009, this group has agreed to refrain from accepting consumer arbitration claims, "when it settled with Minnesota's Attorney General, who sued the NAF over its affiliation with pro-creditor groups." *Flagg v. First Premier Bank,* No. 15—14052, 2016 WL 703063, *5 (11th Cir. Feb. 23, 2016).

In *Flagg*, the Eleventh Circuit Court of Appeals reviewed and affirmed that the type of forum clause designation is an integral part of the agreement, where "the arbitration agreement specifically designates the NAF as the arbitral forum and mentions the chosen forum throughout the agreement" and "[t]he provision directed consumers to file their claims with and obtain required forms from the NAF office," and that the arbitration clause shall be unenforceable. *Id*. At *3 Therefore, this is the correct forum.

COMPLAINT

which was stapled to his delivery, containing a computer-generated receipt from BeyondMenu.com displaying Plaintiff's name, billing address, credit card number, card expiration date, and card verification, which is a direct violation of FACTA.

## FACTA OVERVIEW

18.   In 2003, FACTA was enacted in an effort to prevent identity theft and credit card fraud.  The statute makes it more difficult for identity thieves to obtain consumers' credit and debit card information by reducing the amount of information identity thieves could retrieve from found or stolen credit or debit card receipts.

19.   15 U.S.C. §1681 c(g)(I), provides, in relevant part, that:

*[N]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the 'card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.*

20.   FACTA details the civil liability for willful noncompliance:

*§ 1681n. Civil liability for willful noncompliance*

*(a) In general, any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of –*

*(1) Any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or*

*(2) Such amount of punitive damages as the court may allow; and*

*(3) In the case of any successful action to enforce any liability under this section, the costs of this action together with reasonable attorneys fees as determined by the court...*

COMPLAINT

## DEFENDANTS' VIOLATIONS WERE WILLFUL

21. In response to the passage of FACTA, businesses nationwide changed their debit and credit card processing so that the prohibited information would not be printed on receipts.

22. Defendant knew of the requirement mandating the truncation of credit and debit card numbers and prohibition on printing of expiration dates.

23. The PCI Security Standards Council- a consortium founded by VISA, MasterCard, Discover, American Express and JCB – companies that sell cash registers and other devices for the processing of credit or debit card payments, and other entities inform businesses like Defendant about FACTA, including its specific requirements concerning the truncation of credit card and debit card numbers and prohibition on the printing of expiration dates, and Defendant must comply with the same.

24. This requirement is widely publicized.

25. Most of Defendants ' business peers and competitors readily brought their credit card and debit card receipt printing process into compliance with FACTA by, for example, programming their card machines and devices to prevent them from printing more than the last five digits of the card number and/or the expiration date upon the receipts provided to the cardholders. Defendants could have readily done the same.

26. Defendant could have also simply not provided in its receipt, the entirety of the Plaintiff's credit card information. Yet, it recklessly, willfully, knowingly, and wantonly, chose to violate a ten year old law, by choosing to ignore the strong likelihood that this receipt would directly reach the Plaintiff containing all of his credit card information.

27. Defendant willfully disregarded FACTA's requirements and continue

COMPLAINT

to use a system or devices that print receipts with all of the consumers' credit or debit card information, in violation of FACTA.

28.     Defendant willfully ignored an obvious and unjustifiably high risk of violating FACTA, by providing the Plaintiff and similarly situated consumers, a computer-generated receipt which displayed the consumers' name, billing address, full credit card number, card expiration date, and card verification.

29.     Defendant knew that its receipt-printing practices contravened consumers' rights under FACTA, or, at a minimum, recklessly disregarded the legal protections afforded by the FACTA.  As a result of such knowing, intentional, willful and reckless disregard of the law, Plaintiff and the putative class were placed at a much greater risk of credit card fraud and/or identity theft, exactly what FACTA was enacted to protect against.

## CLASS ALLEGATIONS

30.     Plaintiff brings this action on behalf of a class pursuant to Fed.R.Civ.P. Rule 23 (a) and (b)(3).

31.     The class is defined as all persons to whom the Defendants provided a computer-generated receipt which displayed Plaintiff's name, billing address, credit card number, card expiration date, and card verification (or simply any information in violation of the maximum allowed by FACTA), in a transaction occurring nationwide on or after June 31, 2014.

32.     The class is so numerous that joinder of all individual members in one action would be impracticable.  Namely, thousands of people nationwide have downloaded and used the mobile application that Defendant used to violate FACTA.[2]

_____

[2] As of June 17, 2016, Microsoft's Android application service has had 500,000 to 1,000,000 installs of the BeyondMenu, application.  See:
https://play.google.com/store/apps/details?id=com.beyondmenu&hl=en

COMPLAINT

33.     There are thousands of mobile application users to whom the Defendants provided an electronically printed receipt, in transactions occurring nationwide after June 31, 2014, which receipt displayed the persons' name, billing address, credit card number, card expiration date, and card verification of individuals' credit card or debit card.

34.     Plaintiffs' claims are typical of the claims of the class members. All are based on the same legal theories and arise from the same unlawful and willful conduct.

35.     There are common questions of fact and law affecting members of the class, which common questions predominate over questions which may affect individual members. These include the following:

a.  Whether Defendants had a practice of providing customers with a sales or transaction receipt on which Defendants printed persons' name, billing address, credit card number, card expiration date, and card verification of individuals' credit card or debit card (or other credit card information such a way that violates the maximum allowed by FACTA);

b.  Whether Defendants thereby violated FACTA; and

c.  Whether Defendants' conduct was willful, wanton, knowing, and/or reckless.

36.     Plaintiff will fairly and adequately represent the class members. Plaintiff has no interests that conflict with the interests of the class members. Plaintiff has retained competent counsel.

37.     A class action is superior to other available means for the fair and efficient adjudication of the claims of the class members. Individual actions are not judicially or economically feasible.

COMPLAINT

## FIRST CLAIM FOR RELIEF

## VIOLATION OF FACTA

38.     Plaintiff herby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

39.     Defendant accepts credit cards and debit cards in the course of transacting business with persons such as the Plaintiff and the other class members. In transacting such business, Defendant used a system, registers or other machines or devices that print receipts electronically for credit card and debit card transactions.

40.     After December 4, 2006, the deadline for FACTA compliance, Defendant, at the point of sale or transaction, provided Plaintiff and the other class members with electronically printed receipts, each which prominently displayed name, billing address, credit card number, card expiration date, and card verification number of each individuals' credit or debit card received and processed for payment.

41.     Defendant knew or should have known about the legal truncation requirements and prohibition against the printing of anything more than the last 5 digits of a credit or debit card or were otherwise reckless not knowing such information in light of the information readily available to them.

42.     In violation of FACTA, Defendant knowingly printed and provided receipts which prominently displayed Plaintiff's name, billing address, credit card number, card expiration date, and card verification number of each individuals' credit or debit card received and processed for payment.

43.     Defendant accepts Discover, American Express, Visa and MasterCard branded credit and debit cards and, therefore, are a party to a contract(s) requiring compliance with the foregoing truncation requirements.

44.     Defendant's use of software, devices and machines that print receipts

COMPLAINT

in violation of FACTA was willful, wanton, knowing, and/or reckless.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class members and against Defendant as follows:

    a.  For statutory damages of $100 to $1,000 per violation;

    b.  For punitive damages as the Court may allow;

    c.  For attorney's fees, litigation expenses and costs;

    d.  For such other and further relief as the Court may deem proper.

### **JURY DEMAND**

Plaintiff demands trial by jury.

Dated: July 7, 2016

                    **LTL ATTORNEYS LLP**

              BY:  /s/ Caleb Liang

                 James Lee
                 Caleb Liang
                 **LTL ATTORNEYS LLP**
                 601 S. Figueroa Street, Suite 3900
                 Los Angeles, CA 90017
                 Email: james.lee@ltlattorneys.com;
                        caleb.liang@ltlatorneys.com

                 *Attorneys for Plaintiff*

COMPLAINT